UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
Buffalo Division

| | | |
|---|---|---|
| **UNA RAIMONDO,** | | |
| | **PLAINTIFF,** | **Civil Action No.** |
| **V.** | | |
| **ERIE 2-CHAUTAUQUA-CATTARAUGUS BOCES,** | | _____ |
| | | **Jury Trial Demanded** |
| | **DEFENDANT.** | |

## COMPLAINT

Plaintiff, Una Raimondo, alleges as follows:

### THE PARTIES

1. The Plaintiff, Una Raimondo, is a natural person, with a place of residence in Erie County, New York.

2. The Defendant, Erie 2-Chautauqua-Cattaraugus BOCES, is an educational collaborative with its principal offices at 8685 Erie Road, Angola, New York 14006.

### JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 2000e-5 and 28 U.S.C. §§ 1331 and 1343.

4. Venue is properly laid within the Western District of New York pursuant to 28 U.S.C. § 1391(b) in that the Plaintiff lives in the Western District of New York, and facility at which the Plaintiff worked for the Defendant is located in the Western District of New York, and a substantial part of the acts or omissions giving rise to the claim occurred in the Western District of New York.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff, has exhausted all administrative remedies prerequisite to bringing this claim as follows:

6. On August 9, 2021 the Plaintiff filed a complaint of discrimination with the New York State Division of Human Rights (NYSDHR) alleging unlawful discriminatory practice relating to employment in violation of Article 15 of the Executive Law of the State of New York (Human Rights Law) because of Sex, National Origin, Age, and Opposed Discrimination/Retaliation. The matter was assigned NYSDHR Case Number 10213381.

7. The matter was cross filed with the United States Equal Employment Opportunity Commission (EEOC) and given Federal Charge Number 16GC102735.

8. On April 29, 2022 the New York State Division of Human Rights issued a Determination and Order After Investigation which found No Probable Cause and the matter was dismissed and the NYSDHR file was closed.

9. The Plaintiff timely requested EEOC review of the NYSDHR findings. The EEOC issued a Dismissal and Notice of Rights on June 24, 2022 which results in a final date to file a claim in federal court of September 22, 2022.

## TIMELINESS

10. When filing with a state agency the Plaintiff has three hundred (300) days to bring a claim when using a state agency 42 U.S.C. 2000e.

11. The Plaintiff's DHR Complaint filed on alleging the most recent discriminatory act occurred on January 6, 2021. This gives a latest date to file a claim with the Division of Human Rights of November 2, 2021.

## FACTUAL BACKGROUND

**General Background**

1. Plaintiff was hired by Erie 2-Chautauqua-Cattaraugus BOCES ("BOCES" or "Defendant") on August 19, 2002.

2. Plaintiff is a female.

3. Plaintiff's national origin is Kenyan, East African.

4. Plaintiff is over the age of forty (40) years old.

5. Currently Plaintiff holds the title of Itinerant Supervisor of Instruction. Prior, Plaintiff was a principal.

6. Following Plaintiff's complaint her title was changed to Supervisor of Brocton on January 6, 2021.

7. Plaintiff was qualified for her position.

8. Plaintiff earned a Master of Educational Administration from the University of Dayton in 1984.

9. Plaintiff was awarded a post graduate Fulbright Scholar position at Columbia University.

**Specific Allegations**

10. Mark Frazier, Caucasian male, approximately age 55, worked as an Itinerant Supervisor, retained the title, and following Plaintiff's complaint, was promoted with a different job title. His evaluation is not tied to student scores. This evaluation is not reported to the NYS Department of Education, as this position is tied to Human Resources under the Director of Human Resources, Laurie LiPuma.

11. Melissa Laun, Caucasian female, approximately age 40, work as an Itinerant Supervisor, who evaluations are not tied to the student scores. This evaluation is not reported to the NYS Department of Education, as this position is tied to Human Resources under the Director of Human Resources, Laurie LiPuma.

12. In Plaintiff's job placement, as of September 1, 2020, as Supervisor of Brocton, her evaluation tool, "MPPR", is tied to instructional services, Director of Alternative and Special Education.

13. Plaintiff has been summarily demoted in job title without due notice for a person with over nineteen (19) years of experience being diligent and faithful to Defendant, without any demerits to warrant such a demotion.

14. Jennifer Saboda, Director, announced that Plaintiff was the newly appointed supervisor to the host school administration and the program teacher/staff.

15. The demotion was effectuated prior to informing Plaintiff or her collective bargaining unit of the permanent change in work and job title.

16. Plaintiff has been placed in a job category without Board approval, and she was not approved or appointed to the best of her knowledge by Erie 2 BOCES Board to suspend/discipline students when in fact she is now functioning in this de facto role based on her NYS license.

17. When Plaintiff questioned the educational programming or the lack thereof being provided to students at Brocton, she was challenged and disciplined from September 1, 2020 to January 6, 2021. She was in fact functioning in this de facto role based on her NYS license.

18. A guidance counselor was assigned to work with Plaintiff to check on her work and oversee her instructional recommendations. This was humiliating and affected the terms, privileges and conditions of Plaintiff's employment.

19. Plaintiff alerted Jennifer Saboda, Director of Finance, and Karen Drummond Executive Director of Finance about unaccounted, unsecured extra-curricular school funds, and asked them to come to the Brocton site to inspect. They did not come, putting Plaintiff's NYS License in jeopardy, and opening her up to possible allegations of theft.

20. Following the pickup of these monies, Jennifer Saboda and Debbie McKane, Typist 11, were appointed treasurer and secretary for extra-curricular funds. All Caucasian male and female counterparts with Plaintiff's same title and job functions, and who were all younger than Plaintiff, were appointed by the Board to be treasurers.

21. Plaintiff was a member of the interview committee when Ms. O'Connor applied for the Director of Special and Alternative Education position and was not given the position due to improprieties. Plaintiff had to report Ms. O'Connor after she tampered with a member of the interview panel seeking the interview questions.

22. Ms. O'Connor did become the Director of Special and Alternative Education in or around 2005.

23. In February of 2018, Ms. O'Connor became Assistant Superintendent of Instruction. Ms. O'Connor reprimanded Plaintiff due to an alleged complaint that Plaintiff raised her voice to a student on a bus, and she was placed on Administrative Leave for close to 9 months.

24. Upon Plaintiff's return she was forced to sign a disciplinary agreement or face a 3020a, which could remove her NYS public school license which entitled her to work as a School

Administrator. No other Supervisor, upon information and belief, had to sign a non-disclosure agreement as a condition of employment.

25. Plaintiff's Union questioned the award of the two job titles Plaintiff had been given, Supervisor of Brocton and Supervisor of Instruction with no job description.

26. On September 18, 2020, Plaintiff attended a Labor Management meeting called by the Principals and Supervisors Association to address Plaintiff's job change. The meeting was attended by Ms. O'Connor who acknowledged Plaintiff's job duties had changed, her office relocated, and her job title changed.

27. Plaintiff was told this change was due to financial reasons however, to Plaintiff's knowledge the changes did not affect Mark Frazier or Melissa Laun, leaving Plaintiff to have a good faith belief, Defendants' reasoning was pretext.

28. Plaintiff is the only tenured school building administrator in her PSA union that has been given a disciplinary contract.

29. Plaintiff works under a harsh and punitive disciplinary agreement. She has over (19) years of service with her employer, her evaluations have always been effective or highly effective. None of this was taken into consideration when there were alternatives to Plaintiff's job placement including following the CBA, posting the job, and allowing for her to be one of the final persons to be impacted by budgetary constraints instead of the first.

30. On October 8, 2020, Plaintiff filed a second complaint of discrimination, harassment, and retaliation through the office of compliance officer/General Counsel, Brian Liebenow.

31. On October 25, 2020, Plaintiff filed a third complaint.

32. Currently Plaintiff continues to face disparate treatment as she has been reassigned to the Ashville location where the same situation persists. Whereas unaccounted monies of an extra classroom eBrew account have not been deposited into a BOCES approved M&T Bank account wherein dependent is a signer because paperwork is deficient and has not been provided by the employer, thus putting the NYS license in jeopardy.

33. Plaintiff was never offered any invitation for promotion, while every single younger less tenured similarly situated employee has had an invitation for promotion.  As examples, Kevin Bourgoine, Leo Fial., Robin Brown, Jennifer Saboda all received promotions to Directors, all Caucasian.

## FIRST CAUSE OF ACTION:
### Discrimination in violation of the ADEA and the NYSHRL

34. Plaintiff repeats each and every allegation set forth herein in the preceding paragraphs as though fully set forth herein.

35. Defendant's actions were willful and not done in good faith.

36. As a result of Defendant's conduct, Plaintiff suffered great emotional harm.

37. Plaintiff is therefore, entitled to relief including but not limited to liquidated damages on equitable and injunctive relief, an award of compensatory damages, expenses, and attorneys' fees and costs in an amount to be determined at trial.

**SECOND CAUSE OF ACTION:**
**Discrimination based on National Origin in violation of Title VII and the NYSHRL**

38. Plaintiff repeats each and every allegation set forth herein in the preceding paragraphs as though fully set forth herein.

39. Defendant's actions were willful and not done in good faith.

40. As a result of Defendant's conduct, Plaintiff suffered great emotional harm.

41. Plaintiff is therefore, entitled to relief including but not limited to liquidated damages on equitable and injunctive relief, an award of compensatory damages, expenses, and attorneys' fees and costs in an amount to be determined at trial.

**THIRD CAUSE OF ACTION:**
**Discrimination based on Sex in violation of Title VII and the NYSHRL**

42. Plaintiff repeats each and every allegation set forth herein in the preceding paragraphs as though fully set forth herein.

43. Defendant's actions were willful and not done in good faith.

44. As a result of Defendant's conduct, Plaintiff suffered great emotional harm.

45. Plaintiff is therefore, entitled to relief including but not limited to liquidated damages on equitable and injunctive relief, an award of compensatory damages, expenses, and attorneys' fees and costs in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION:**
**Retaliation In Violation of Title VII and the NYSHRL**

46. Plaintiff repeats each and every allegation set forth herein in the preceding paragraphs as though fully set forth herein.

47. Defendant's actions were willful and not done in good faith.

48. As a result of Defendant's conduct, Plaintiff suffered great emotional harm.

49. Plaintiff is therefore, entitled to relief including but not limited to liquidated damages on equitable and injunctive relief, an award of compensatory damages, expenses, and attorneys' fees and costs in an amount to be determined at trial.

**WHEREFORE**, Plaintiff respectfully requests from this Court the following relief:

A. A judgment that the defendant violated the Plaintiff's rights under the NYSHRL and Awarding the Plaintiff compensation for economic damages incurred as a result of their adverse employment actions against her;

B. A judgment that the defendant violated the Age Discrimination in Employment Act;

C. A judgment that the defendant violated the Plaintiff's rights under Title VII and Awarding the Plaintiff compensation for economic damages incurred as a result of their adverse employment actions against her;

D. Awarding Plaintiff compensatory damages in an amount to be determined at trial;

E. Defendant to pay all medical costs incurred by Plaintiff as a result of the stress and anxiety resulting from the discrimination she suffered, including any and all diagnostic analysis, treatment and therapy, and follow up therapy.

F. Defendant to pay Plaintiff the costs and disbursements of this action, together with reasonable attorneys' fees;

G. Plaintiff to have such other and further relief as this Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues properly tried by jury in this action.

Dated:  September 22, 2022

Respectfully Submitted,
Plaintiff
By Her Attorneys


 /s/  **Lindy Korn**
LINDY KORN, ESQ.
Attorney for Plaintiff
Law Office of Lindy Korn, PLLC
Electric Tower, Ninth Floor
535 Washington Street
Buffalo, New York 14203
716-856-5676
716-507-8475 (facsimile)
E-Mail: lkorn@lkorn-law.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
**Buffalo Division**

---

UNA RAIMONDO,

                                      PLAINTIFF,        <u>VERIFICATION</u>

V.

ERIE 2-CHAUTAUQUA-CATTARAUGUS
BOCES,

                                      DEFENDANT.

---

Plaintiff, Una Raimondo, under penalty of perjury, deposes and says:

I have read the attached Complaint captioned in this matter and find it to be true to my personal knowledge, except as to matters alleged upon information and belief, which I believe to be true.

                                                                      _____
                                                                                  Una Raimondo

Sworn before me on this \_\_16th\_\_ day of \_\_SEPTEMBER\_\_, 2022

_____
Notary Public

*[Notary Seal: MUHAMAD KHALED, STATE OF NEW YORK NOTARY PUBLIC, Qualified in Erie County, 01KH6328945, MY COMMISSION EXPIRES 08/10/2023]*

11