UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNA RAIMONDO,

                      Plaintiff,

v.                                          **DECISION AND ORDER**
                                                   22-CV-721S

ERIE 2-CHAUTAUQUA-CATTARAUGUS
BOCES,

                      Defendant.

---

### I.      Introduction

This is an employment discrimination action wherein Plaintiff Una Raimondo (hereinafter "Raimondo" or "Plaintiff") claims her employer, Erie 2-Chautauqua-Cattaraugus BOCES (hereinafter "BOCES"), discriminated against her because of national origin, sex, and age. Raimondo also claims BOCES retaliated against her. (Docket No. 1, Compl.) Initially, she alleged violations of the New York Human Rights Law as well as the Age Discrimination in Employment Act and Title VII (id.) but Plaintiff now has abandoned the New York State law aspects of her claims (Docket No. 9, Pl. Memo. at 4).

Before this Court is BOCES's Motion to Dismiss (Docket No. 5) arguing that Plaintiff fails to allege evidence to support her claims. For the reasons stated below and under the standards for a Motion to Dismiss, BOCES's Motion is denied in part, dismissing the Second (national origin) and Fourth (Title VII retaliation) Causes of Action without prejudice. Plaintiff may amend her Complaint as provided below.

## II. Background

A. Allegations in the Complaint

Plaintiff Una Raimondo is a Kenyan woman who was over 40 years old during the events alleged in this case (Docket No. 1, Compl. Factual Background ¶¶ 2-4). She was hired by BOCES on August 19, 2002, and when she filed this action held the title of Itinerant Supervisor of Instruction (id. ¶¶ 1, 5) after being Supervisor of Brocton BOCES (id. ¶ 6). She claims that she was qualified for her position, having earned a Master of Educational Administration from the University of Dayton and as a post-graduate Fulbright Scholar at Columbia University (id. ¶¶ 7, 8-9).

She complains that she was evaluated for promotions based upon student test scores while a Caucasian male (age approximately 55 years old) Itinerant Supervisor and a Caucasian female (age approximately 40 years old) Itinerant Supervisor were promoted without tying their evaluations to student test scores (id. ¶¶ 10, 11). Raimondo also contends that younger, less tenured but similarly situated Caucasian employees had invitations for promotions while she was demoted (id. ¶¶ 33, 13, 15-16).

B. Four Causes of Action

Raimondo's Complaint alleges four causes of action. Initially, she alleged parallel discrimination and retaliation under the New York State Human Rights Law.

The First Cause of Action alleges BOCES violated the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34, 623(a)(1) ("ADEA") (id. ¶¶ 35-37).

The Second Cause of Action alleges BOCES also violated Title VII, 42 U.S.C. § 2000e-2(m), in discriminating against Raimondo due to her national origin (id. ¶¶ 39-

41). The Third Cause of Action also alleges that BOCES violated Title VII in discriminating against Raimondo due to her sex (id. ¶¶ 43-45).

Finally, the Fourth Cause of Action alleges that BOCES retaliated against Raimondo in violation of Title VII, 42 U.S.C. § 2000e-3(a) (id. ¶¶ 47-49). She does not allege retaliation in violation of the ADEA, cf. 29 U.S.C. § 623(d).

### C.  BOCES"s Motion to Dismiss (Docket No. 5)

BOCES moved to dismiss (Docket No. 5[1]) arguing the insufficiency of Plaintiff's evidence (id.). As extended (see Docket Nos. 6, 7), responses to this Motion were due by December 5, 2022, and replies by December 12, 2022 (Docket No. 8). Upon timely briefing (see Docket Nos. 9, 10), this Motion is deemed submitted without oral argument.

### III.   Discussion

#### A.  Applicable Standards

##### 1.   Motion to Dismiss Rule 12(b)(6)

Federal pleading standards are generally not stringent. Rule 8 requires a short plain statement of a claim, Fed. R. Civ. P. 8(a)(2). But that plain statement must "possess enough heft to show that the pleader is entitled to relief," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); see Ghadersohi v. Roswell Park Cancer Inst., No. 10CV143, 2011 WL 4572539, at *1 (W.D.N.Y. Sept. 30, 2011) (Skretny, C.J.).

Under Rule 12(b)(6), the Court cannot dismiss a Complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which

---

[1] In support of its Motion to Dismiss, BOCES submits its attorney's Declaration with exhibits, Memorandum of Law, Docket No. 5; and its Reply Memorandum of Law, Docket No. 10.

In opposition, Plaintiff submits her Memorandum of Law, Docket No. 9.

would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). As the Supreme Court held in Twombly, supra, 550 U.S. 544, a Complaint must be dismissed pursuant to Rule 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face," id. at 570 (rejecting longstanding precedent of Conley, supra, 355 U.S. at 45-46).

To survive a Motion to Dismiss, the factual allegations in the Complaint "must be enough to raise a right to relief above the speculative level," Twombly, supra, 550 U.S. at 555. As reaffirmed by the Court in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009),

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [Twombly, supra, 550 U.S.] at 570 . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556 . . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."' Id., at 557 . . . (brackets omitted)."

Iqbal, supra, 556 U.S. at 678 (citations omitted).

A Rule 12(b)(6) Motion is addressed to the face of the pleading. The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference. Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985).

In considering such a motion, the Court must accept as true all the well pleaded facts alleged in the Complaint. Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985). However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual

4

averments will not be accepted as true. New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123 (N.D.N.Y. 2002).

2. Federal Employment Discrimination

As for the First Cause of Action, it is unlawful for an employer to discriminate against any individual with respect to her terms, conditions, or privileges of employment because of her age, 29 U.S.C. § 623(a)(1). The Second Cause of Action alleges discrimination based on Raimondo's national origin and her Third Cause of Action alleges sex discrimination. Title VII of the Civil Rights Act of 1964, as amended, makes unlawful employment practice because of the employee's national origin or sex, see 42 U.S.C. § 2000e-2(a)(1). An unlawful employment practice "is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the parties," 42 U.S.C. § 2000e-2(m).

The ADEA and Title VII have the same standards for liability. Employment discrimination is established either by direct evidence, Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 121, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985); Teamsters v. United States, 431 U.S. 324, 358 n.44, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977), see Haskell v. Kaman Corp., 743 F.2d 113, 119 (2d Cir. 1984) (age discrimination), or proof of circumstances through the burden shifting analysis of McDonnell Douglas v. Green, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), that an inference of discrimination may be drawn, Haskell, supra, 743 F.2d at 119; see Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 106 (2d Cir. 2010) (age discrimination).

To state a prima facie case for age, sex, or national origin discrimination, Raimondo must allege that she is a member of a protected group (alleging either that she is over 40 years old, a woman, or was born in a foreign country); that she qualified for her position; that she was subject to an adverse employment action; and that this action occurred under circumstances that give rise to an inference of discrimination, Grastorf v. Community Bank, N.A., No. 19CV1627, 2023 WL 2266336, at *7 (W.D.N.Y. Feb. 28, 2023) (Skretny, J.), reconsideration denied, 2023 WL 3570437 (W.D.N.Y. May 19, 2023) (Skretny, J.); Terry v. Ashcroft, 336 F.3d 128, 137-38 (2d Cir. 2003) (race, gender, and age discrimination); Farias v. Instructional Sys., Inc., 259 F.3d 91, 95, 98 (2d Cir. 2001) (national origin).

Further, she must establish that her age, sex, or national origin motivated Defendant's decision, Hazen Paper Co. v. Biggins, 507 U.S. 604, 610, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993); University of Texas Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 348-49, 133 S.Ct. 2517, 186 L.Ed.2d 503 (2013) (quoting 42 U.S.C. § 2000e-2(m)).

This prima facie case standard is not onerous, Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); see Weinstock v. Columbia Univ., 224 F.3d 33, 42 (2d Cir. 2000) (de minimis standard).

A "'discrimination complaint need not allege facts establishing each element of a prima facie case of discrimination to survive a motion to dismiss," but must, "at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible.' EEOC v. Port Auth. of N.Y. & N.J., 768 F.3d 247, 254 (2d Cir.2014) (citations omitted)," Mesias v. Cravath, Swaine & Moore LLP, 106 F. Supp. 3d 431, 436 (S.D.N.Y. 2015).

6

The Southern District of New York held that "'the elements of a prima facie case provide an outline of what is necessary to render a plaintiff's employment discrimination claims for relief plausible,'" Mesias, supra, 106 F. Supp. 3d at 436 (quoting, without citations, Johnson v. Morrison & Foerster LLP, No. 14-CV-428 (JMF), 2015 WL 845723, at *3 (S.D.N.Y. Feb. 26, 2015)).

### 3. Title VII Retaliation

For her Fourth Cause of Action, Title VII makes it unlawful for an employer "to discriminate against an employee 'because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter,'" Terry, supra, 336 F.3d at 140 (quoting 42 U.S.C. § 2000e-3(a)).

To establish a prima facie case of retaliation Raimondo must allege (1) her participation in a protected activity known to the employer, (2) an employment action disadvantaging her, and (3) a causal connection between the protected activity and the adverse action, id. at 140-41 (quotation omitted). The protected activity must be the but-for cause of the adverse action, Nassar, supra, 570 U.S. at 362.

A plaintiff engages in a protected activity where she opposes employment practices outlawed by Title VII, makes an EEOC charge, or participates in an investigation arising from a discrimination charge, Davis v. New York State Dep't of Corrections Attica Correctional Facility, 110 F. Supp. 3d 458, 462 (W.D.N.Y. 2015) (Wolford, J.) (quoting Bundschuh v. Inn on the Lake Hudson Hotels, LLC, 914 F. Supp. 2d 395, 405 (W.D.N.Y. 2012) (Siragusa, J.)). "[I]n order to constitute a protected activity for purposes of a retaliation claim, the complaint must be related to discrimination on a basis prohibited by Title VII," Bennett v. Hofstra Univ., 842 F. Supp. 2d 489, 500 (E.D.N.Y. 2012).

7

An adverse action in retaliation must be "'more disruptive than a mere inconvenience or alteration of job responsibilities,'" Sosa v. New York City Dep't of Educ., 368 F. Supp. 3d 489, 511 (E.D.N.Y. 2019) (quoting Galabya v. New York City Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000)). Mere petty slights are not enough to state a retaliatory adverse employment action, Sosa, supra, 368 F. Supp. 3d at 518 (citing cases); Collymore v. City of New York, No. 16-CV-08270, 2018 WL 3014093, at *9 (S.D.N.Y. June 14, 2018) (holding plaintiff failed to plead adverse employment action from, among other allegations, shift changes, being yelled at during meetings, denial of overtime, court concluding these allegations were petty slights and minor annoyances, not actionable adverse actions), aff'd in part, 767 F. App'x 42 (2d Cir. 2019) (summary Order). Unlike an adverse action for a discrimination claim, for a retaliation claim that action should dissuade a reasonable worker from making or supporting a discrimination charge, e.g., Sosa, supra, 368 F. Supp. 3d at 517; quoting Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 90 (2d Cir. 2015); Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53, 57, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006). The employment action here must be material to "separate significant from trivial harms" because Title VII is not "'a general civility code for the American workplace.' Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75, 80, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998)," White, supra, 548 U.S. at 68.

    4. New York Notice of Claim

With Raimondo alleging parallel New York State Human Rights Law claims, this Court next discusses a procedural predicate to suing public entities under New York law. Plaintiff had to serve a Notice of Claim for tort suits against its municipalities and municipal

8

employees, Gen. Mun. Law. §§ 50-i(1), 50-e(1); see McNaughton v. County of Chautauqua, No. 15CV233, 2017 WL 451817, at *3 (W.D.N.Y. Oct. 10, 2017) (Geraci, C.J.), or (or as here) a board of cooperative education services, N.Y. Educ. L. § 3813(1); Avgerinos v. Palmyra-Macedon Cent. Sch. Dist., 690 F. Supp. 2d 115, 125 (W.D.N.Y. 2010) (Telesca, J.) (see Docket No. 5, Def. Memo. at 4, 16).  Under state law, the Notice is a condition precedent to maintain an action against BOCES, Vail v. Board of Co-op. Educ. Servs., 2d Supervisory Dist., Erie-Cattaraugus Ctys., 115 A.D.2d 231, 232, 496 N.Y.S.2d 145, 147 (4th Dep't 1985), leave denied, 67 N.Y.2d 606, 501 N.Y.S.2d 1024 (1986), and is jurisdictional of state law claim, Vail, supra, 115 A.D.2d at 232, 496 N.Y.S.2d at 147.  This condition precedent applies to the state law claims heard in this Court, Felder v. Casey, 487 U.S. 131, 151, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988).

Federal civil rights claims against New York municipalities in this Court, however, do not require a Notice of Claim, id. at 151, 140-41, because the Notice of Claim requirement is inconsistent with congressional intent for federal civil rights legislation. See also Margerum v. City of Buffalo, 24 N.Y.3d 721, 730, 5 N.Y.S.3d 336, 339-40 (2015) (human rights claims under New York State Human Rights Law not tort action under General Municipal Law §§ 50-e, 50-i to require Notice of Claim) (Docket No. 9, Pl. Memo. at 4).

BOCES (Docket No. 10, Def. Reply Memo. at 7) cites the New York Court of Appeals 1983 decision in Mills v. County of Monroe, 59 N.Y.2d 307, 312, 464 N.Y.S.2d 709 (1983), as requiring a Notice of Claim here for the federal employment claims.  That decision, however, predates the United States Supreme Court's contrary holding in Felder, see, e.g., Tout v. Erie Community College, 923 F. Supp. 13, 14 (W.D.N.Y. 1995)

(Heckman, Mag. J.). Thus, only Raimondo's state law claims require a Notice of Claim before suing.

Still, Raimondo has abandoned her New York State Human Rights Law claims (Docket No. 9, Pl. Memo. at 4) that would require a Notice of Claim under the New York Education and General Municipal Laws. Her remaining federal claims do not require prior notice to BOCES as prerequisite to commencing this action. Thus, BOCES's argument for dismissal of the residual federal claims on this ground is denied.

### B.  Parties' Contentions

BOCES argues that Plaintiff has not provided evidence to support her claims of discrimination or retaliation (Docket No. 5, Def. Memo. at 5-13).

Raimondo responds that she alleged claims for sex, age, and national origin discrimination as well as retaliation under Title VII, claiming rather that it is BOCES making conclusory assertions that she has not stated her claims (Docket No. 9, Pl. Memo. at 2-3). She abandons her state law claims (id. at 4), rendering moot the parties' arguments surrounding Notice of Claim or stating claims (cf. Docket No. 5, Def. Memo. at 13-17; Docket No. 10, Def. Reply Memo. at 5-8; Docket No. 9, Pl. Memo. at 3-4).

### C.  Sufficiency of Evidence Is Not Proper Analysis for a Motion to Dismiss

A Motion to Dismiss assesses whether the Complaint sufficiently alleges a cause of action. BOCES argues that there is insufficient evidence to sustain Raimondo's claims (Docket No. 5, Def. Memo. at 5-13). The question is whether Raimondo pled enough facts to plausibly state a claim, Twombly, supra, 550 U.S. at 555, 570 (appeal from Motion to Dismiss); see Iqbal, supra, 556 U.S. at 678 (same), rather than the sufficiency of evidence to support the facts alleged. As observed by the Supreme Court in those cases,

under Rule 8 of the Federal Rules of Civil Procedure and its requirement of a "short and plain statement of the claim" does not require "detailed factual allegations," Iqbal, supra, 556 U.S. at 678 (quoting Twombly, supra, 550 U.S. at 555). At this stage, pleadings in the Complaint are assumed to be "true (even if doubtful in fact)," Twombly, supra, 550 U.S. at 555.

Sufficiency of evidence (beyond speculation or the inability to prove a claim under any set of facts) is not tested in a Motion to Dismiss. Evidentiary sufficiency is tested later following discovery on a Motion for Summary Judgment or at trial.

Before rejecting BOCES's Motion on this ground, this Court must consider whether Raimondo in fact alleges causes of action in her Complaint.

### D. Raimondo Alleges Age Discrimination in Her First Cause of Action

Reviewing the Complaint's First Cause of Action, Raimondo alleges that she is in the protected class due to her age (Docket No. 1, Compl. Factual Background ¶ 4). Raimondo alleges her qualification from her master's degree and as a Fulbright Scholar (id. ¶¶ 7-9). She alleges adverse employment action from the differing evaluations for promotion (id. ¶¶ 10-11). Raimondo also alleges promotion of younger employees while she was demoted (id. ¶¶ 33, 13, 15-16). This alleges an inference of age discrimination. But the contrast between her promotion requiring student test scores and the promotion of Melissa Laun (40 years old) to the same position without that requirement did not raises the inference of age discrimination. Based upon these allegations, Raimondo states an age discrimination claim regarding the promotion of younger employees as Raimondo was demoted. Therefore, BOCES's Motion to Dismiss (Docket No. 5) the First Cause of Action is denied.

> E. Raimondo, However, Does Not States a Plausible National Origin Discrimination Claim in Her Second Cause of Action
>> 1. Raimondo Does Not Allege the National Origin of Comparators

Raimondo does not allege direct evidence of national origin (or sex) discrimination. Thus, her allegations are under the McDonnell Douglas inference of discrimination analysis.

First, Raimondo alleges membership in two protected classes, national origin as a Kenyan and sex (Docket No. 1, Compl. Factual Background ¶¶ 3, 4). As stated for the First Cause of Action, she alleges qualification for her job (id. ¶¶ 7-9). She also alleges adverse employment action from the evaluation standards for promotion (id. ¶¶ 10-11).

Raimondo alleges that Mark Frazier and Melissa Laun are Caucasians (id.) but not their national origin or citizenship. She does not claim that she is the only Kenyan employed by BOCES. Neither party address this failure to contrast Raimondo's nationality with other BOCES employees. BOCES argued Raimondo claimed race discrimination (cf. Docket No. 5, Def. Memo. at 10-11) when she had not. Raimondo has not alleged the nationality (or perceived nationality) of Frazier or Laun (or the other BOCES employees) to show an inference of discrimination against her due to her Kenyan origins, cf. Barella v. Village of Freeport, 16 F. Supp. 3d 144, 164 (E.D.N.Y. 2014).

In Barella, village police Lieutenant Christopher Barella, an American citizen who sought promotion to be Chief of Police, complained that what he believed to be less qualified non-white and non-Americans officers were promoted while he and white American officers were not. Opposing the Village's summary judgment Motion, Barella only alleged his American national origin and the national origin of Lieutenant Miguel Bermudez, a Cuban. The court held that Barella failed to set forth evidence of

discrimination on account of national origin, noting that the Mayor also was an American. Id. at 164, 149-51. There, Barella alleged the nationality of one comparator officer but the court held that Barella failed to set forth evidence of discrimination, id. at 164.

In Mesias, Haitian employee Mireille Mesias alleged that she was the only similarly situated colleague and complained that her former employer law firm (among other slights and grievances) did not allow her to borrow vacation days but allowed non-Haitian colleagues to do so, 106 F. Supp. 3d at 434. Mesias alleged a national origin discrimination claim but, in a Motion to Dismiss the Southern District of New York held that Mesias failed to plausibly allege an inference of national origin discrimination, id. at 434, 437. The court faulted Mesias for alleging no facts demonstrating that she was similarly situated to her non-Haitian colleagues in not stating that Mesias and the colleagues worked in the same department or had the same job responsibilities, id. at 437; see Verne v. New York City Dep't of Educ., No. 21 Civ. 5427, 2022 WL 462653, at *11 (S.D.N.Y. Sept. 30, 2022) (plaintiff only alleged comparators were Jewish without other facts to make the comparison). Without those allegations, Mesias could not plausibly infer that her national origin, rather than other causes, played a role in defendant law firm's refusal to allow her to borrow vacation days, Mesias, supra, 106 F. Supp. 3d at 437. Mesias had alleged that she was the sole Haitian employed by the firm.

Raimondo's allegations here rest on her treatment as compared with her two named BOCES administrators. But she does not allege their national origin (or of other BOCES officials and employees) while alleging that they had the same job title. Absent an allegation of the national origin of the staff of BOCES, this Court would have to speculate whether there were other nationalities and that Raimondo was treated

13

differently because she was Kenyan.  This may be implicit in her claim but to survive a Motion to Dismiss, Raimondo need to plausibly allege the national origin of BOCES staff and whether it creates an inference of national origin discrimination.  Thus, BOCES's Motion to Dismiss (Docket No. 5) the Second Cause of Action is granted.

2. This Court Grants Raimondo Leave to Amend this Claim

Dismissal of this claim, however, is without prejudice.  Raimondo has leave to amend the Second Cause of Action to assert (if she can) the national origins of Frazier and Laun (or the rest of the BOCES staff).  The present allegation tends to infer national origin discrimination that Raimondo had a different promotion standard than employees not from Kenya.  Amendment would clarify the claimed nationality of the BOCES staff.

F.  Raimondo Alleges Sex Discrimination in Her Third Causes of Action

Raimondo alleges being in a protected class as a woman and adverse employment action from the differences in promotion standard.  The contrast between Mr. Frazier's promotion standard with hers plausibly states sex discrimination claim.  This different evaluation raises an inference of discrimination to state sex discrimination claim.  Thus, BOCES's Motion to Dismiss (Docket No. 5) the Third Cause of Action is denied.

G. Raimondo, However, Fails to Allege Title VII Retaliation in Her Fourth Cause of Action

1. Raimondo Has Not Alleged Retaliation

As for the Fourth Cause of Action, Raimondo alleges as a protected activity her questioning of the quality of the educational program at Brocton after her demotion assignment there, her reporting Ms. O'Connor's inappropriate contact with the interview panel for a position Ms. O'Connor later obtained, and the handling of funds in extracurricular accounts (Docket No. 1, Compl. Factual Background ¶¶ 17, 21-24, 19).

These protected activities, while protesting alleged misfeasance at BOCES, is not directly related to discrimination based upon national origin or sex that Raimondo elsewhere alleges, see Davis, supra, 110 F. Supp. 3d at 462; Bennett, supra, 842 F. Supp. 2d at 500.  Raimondo also has not alleged how she was disadvantaged by these activities.  Further, absent any disadvantage, she also has not made the causal connection between the protected activities and any disadvantage.

Therefore, BOCES's Motion to Dismiss (Docket No. 5) the Fourth Cause of Action is granted.

### 2.  Raimondo Has Leave to Amend Her Retaliation Claim

From the present allegations, there is no basis for Raimondo to allege retaliation.  There is no legal barrier, however, to Raimondo alleging a retaliation claim if she states other facts supported by evidence of any retaliation by BOCES for her complaints, see Fed. R. Civ. P. 10(b)(3).  Thus, this dismissal is without prejudice.

## IV.   Conclusion

BOCES argues in its Motion to Dismiss that Plaintiff Una Raimondo has provided insufficient evidence to support her discrimination and retaliation claims.  The Motion to Dismiss, however, is not the procedure to challenge the sufficiency of Raimondo's evidence.

Raimondo plausibly alleges her substantive age and sex discrimination claims under the ADEA and Title VII in her First and Third Causes of Action to survive this Motion to Dismiss.  She, however, did not plausibly allege her national origin claim (in her Second Cause of Action) by not stating the contrast from her colleagues.  Raimondo also fails to allege her retaliation claim under Title VII (in her Fourth Cause of Action) by showing that

she was disadvantaged by the alleged retaliatory activities (assuming they involved national origin or sex discrimination). Therefore, Defendant's Motion (Docket No. 5) is denied in part, granted in part.

This Court orders that Raimondo may file an Amended Complaint restating her First and Third Causes of Action; eliminating her New York State Human Rights Law allegations; amending her Second Cause of Action to allege (if possible) the nationalities of the comparators and BOCES coworkers at issue; and removing her current retaliation allegations (stated in the Fourth Cause of Action) and restating her retaliation claim (if possible) with facts that assert that claim. Raimondo shall file and serve this Amended Complaint 21 days from entry of this Decision. Defendant BOCES then shall answer or move upon the Amended Complaint within 14 days of service of the Amended Complaint. After filing this amended pleading and response, this case will be referred to a Magistrate Judge for further pretrial proceedings.

If Raimondo, however, does not file an amended pleading, this case shall proceed upon the surviving causes of action discussed above with referral to a Magistrate Judge for further proceedings.

## V.    Orders

IT HEREBY IS ORDERED, that the Motion to Dismiss (Docket No. 5) of Defendant Erie 2-Chatauqua-Cattaraugus BOCES is GRANTED IN PART (dismissing the Second and Fourth Causes of Action) and DENIED IN PART (denying dismissal of the First and Third Causes of Action).

FURTHER, that Plaintiff shall file any Amended Complaint as stated above within 21 days of entry of this Decision, and Defendant shall answer or move against this amendment within 14 days of service of the Amended Complaint.

SO ORDERED.

Dated:      July 19, 2022
            Buffalo, New York

                                                    s/William M. Skretny
                                                   WILLIAM M. SKRETNY
                                                  United States District Judge